**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

TREVOR SANDRAS, ET AL.                    CIVIL ACTION NO. 16-0239

versus                                                    JUDGE FOOTE

EXPEDITORS &                              MAGISTRATE WHITEHURST
PRODUCTION SERV. CO.

**REPORT AND RECOMMENDATION**

The parties reached a settlement in this case which has been conditionally

certified a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§201, *et seq*. As a result, counsel filed a Joint Motion for Approval of Confidential

Settlement Agreement and Release [Doc. 69], and separately filed a sealed copy of

the Confidential Settlement and Release Agreement [Doc. 68] for review and

approval of the settlement in camera. Counsel for Plaintiffs also filed an Unopposed

Motion for Approval of Attorney's Fees and Litigation Expenses [Doc. 71]. Based

on a review of the motions, the Confidential Settlement, the applicable law and

jurisprudence and, for the following reasons, it is recommended that the Joint Motion

for Approval of Confidential Settlement Agreement and Release [Doc. 69] and the

Unopposed Motion for Approval of Attorney's Fees and Litigation Expenses [Doc.

71] be GRANTED.

**LAW AND ANALYSIS**

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *See Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945). Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs can prove how many hours they actually worked, whether the plaintiffs were properly paid on a day rate basis or whether they were misclassified and entitled to overtime pay, whether the defendant's alleged violations were made in good faith and on reasonable grounds and whether the defendant's alleged FLSA violations were willful. The case was litigated for almost three years with extensive motion practice, a failed attempt at amicable resolution with an experienced mediator, and lengthy discovery battles that required court intervention. While the case was pending, there was a dramatic and substantial downturn in the oil and gas sector, and many companies – including several of the defendants' customers

– filed for bankruptcy.    This downturn presented the defendant with economic challenges.  Because these issues are sufficient for this Court to find that genuine uncertainty as to the outcome existed for each side, a bona fide dispute exists in this case.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.  *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).  As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.  *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

The parties have agreed to individual settlement amounts for the plaintiffs as set forth in Exhibits 1-5 to the Agreement.[1]  There is no evidence of any fraud or collusion behind the settlement. The Court may presume that no fraud or collusion

---

[1] Doc. 68 (UNDER SEAL).

occurred between counsel, in the absence of any evidence to the contrary. *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004), *citing Newberg on Class Actions* §11.51 (4th ed.). Since this case was filed in 2016, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation. Furthermore, given the parties' attendance at mediation with a private mediator, and their continued work following the mediation, it is clear that the settlement has been arrived at by arms-length and good faith negotiations. The first factor favors approval of the settlement as fair, adequate, and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to incur significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and

reasonable, and accordingly, should be approved. This case has been pending for almost three years. During its pendency, the parties have conducted discovery, as well as factual and legal investigations. While conditional certification did not prove to be a significant obstacle, a drastic downturn in the oilfield resulted in a near complete debilitation of the defendant's assets, which presented highly contested legal and factual issues for which several substantive issues remain outstanding, making this case ripe for settlement.

The fourth factor, probability of plaintiff's success on the merits, supports a finding that the settlement is fair, adequate, and reasonable. This case has been litigated by competent lawyers on each side who enjoy great respect in their field from both sides of the aisle. Counsel for the plaintiffs has appeared multiple times in this Court with success on most, if not all, occasions.  Defense counsel is well known to this Court and the legal community as a skilled litigator. Accordingly, while at present, the plaintiffs might enjoy some probability of success on the underlying merits, given the competency of defense counsel, failure on the ability to ultimately obtain relief for the plaintiffs is equally likely. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by each side would be likely. Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate, and

reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate, and reasonable. Each eligible class member will receive a sum representing a percentage of back pay due for overtime violations, plus an equal amount as liquidated damages and interest. Therefore, the Court finds the total amount offered to each eligible plaintiff is adequate, fair, and reasonable and within range anticipated by the Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel and the class representative, as well as the defendant and its counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There has been no objections to the settlement whatsoever and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court must also assess the reason-

ableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998). Plaintiffs' counsel seeks approval of an award of 40% of the gross amount of the settlement in addition to $12,000.00 in costs and expenses. For the reasons that follow, Court approval for payment by the defendant of these amounts to the plaintiffs' counsel should be granted.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions. *Strong*, 137 F.3d at 850. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The lodestar may not be adjusted

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar

due to a *Johnson* factor, however, if the creation of the lodestar award already took

that factor into account.  Such reconsideration is impermissible double-counting.

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  Further, "[t]he

lodestar ... is presumptively reasonable and should be modified only in exceptional

cases."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In this case, all parties have agreed plaintiffs' counsel is entitled to a total of

40% of the gross settlement amount for attorney's fees. The parties have submitted

documentation as to the total hours of attorney work performed by plaintiffs' counsel,

counsels' customary rate of pay, and the expenses incurred by the plaintiffs in this

litigation. The record shows that class counsels' attorneys' fee is based on 827.08

attorney and staff hours, delivered over approximately 33 months, and is supported

by fair and reasonable rates and hours.  Class counsels' rates for work are $300-500

per hour for attorneys and $225 per hour for paralegal and support staff.  Class

counsel's rates are consistent with the rates charged by both plaintiff and defense

attorneys who practice in this district and in the Fifth Circuit.  The number of hours

class counsel worked was reasonable, given the novelty and complexity of the

---

amount. *Heidtman*, 171 F.3d at 1043, *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996), *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

litigation.  Given that contingency fee arrangements in this legal community are generally in excess of 33%, and attorney's fees and expenses are usually deducted from each plaintiff's total recovery, and further considering that a review of all of the lodestar factors demonstrate that the agreed-upon award of attorneys' fees in this matter is reasonable, the Court finds the proposed award in this case is fair and reasonable.  As previously noted, a significant amount of time and effort has been expended in the three years this case has been pending.   Class counsel's skill, knowledge, reputation, and experience is well-recognized in FLSA cases such as this. For all of the foregoing reasons, the Court finds that the proposed attorneys' fee award in this case is fair and reasonable.

## CONCLUSION

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 13th day of February, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**